NATIONAL COMMERCIAL BANK AND TRUST COMPANY, Appellant, v. EDWARD M. MURRAY et al., Respondents, and NICHOLAS G. CHOLAKIS et al.,

Respondents.— Appeal from an order of the Supreme Court at Special Term, entered May 8, 1974 in Rensselaer County which dismissed petitioner's CPLR 5225 (subd. [b]) petition and severed for trial a special proceeding commenced pursuant to CPLR 5239. On June 30, 1967 the owner of real property located in the City of Troy, New York, and known as the King's Inn delivered a real property purchase money mortgage to the respondent (or its predecessor) Marine Midland Bank — Eastern, N. A. (hereinafter referred to as Marine). Marine caused the mortgage to be recorded on July 3, 1967 and, among other things, it covered "fixtures and articles of personal property now or herein-after attached to or used in connection with the premises". On October 30, 1968 the owner of the said premises leased them to the Cholakis Restaurant Corporation which was wholly owned by the respondents Thomas and Nicholas Cholakis. It appears that the Cholakises purchased various items of property for use in the premises including a replacement for a bar which had been in existence at the time of Marine's mortgage and at the time of the lease. On June 8, 1971 the Cholakises sold all of their shares in the Cholakis Restaurant Corporation to James Kalogridis and another and such purchasers agreed to assume a personal debt of the Cholakises and to execute a chattel mortgage on the corporation's personal property to secure the payment thereof. On November 22, 1971 James Kalogridis and his wife caused the Troy Restaurant Equipment Leasing, Inc. (hereinafter referred to as Troy) to be incorporated and it was wholly owned by them. The appellant (referred to as petitioner) alleges that on December 1, 1971 the Cholakis Restaurant Corporation *sold* to Troy all of the property at the King's Inn and then leased back the property from Troy. On January 28, 1972 the *Cholakis Restaurant Corporation* gave Thomas and Nicholas Cholakis a chattel mortgage on its equipment and inventory. On March 21, 1972 *Troy* gave a chattel mortgage to the petitioner covering many specific items and located at the King's Inn. On March 24, 1972 the petitioner duly filed a financing statement evidencing a secured transaction between it and Troy as regards property located at the said King's Inn with the Rensselaer County Clerk, the Albany County Clerk and the New York State Secretary of State. On May 4, 1972 the Cholakises filed a financing statement in regard to their secured interest with the Cholakis Restaurant Corporation in the office of the Rensselaer County Clerk. On May 15, 1973 the State of New York seized the subject property for back taxes *owed* by the Cholakis Restaurant Corporation and on June 18, 1973 the respondent, Murray, purchased such property at a tax sale and came into the possession of the same. On October 4, 1973 the petitioner secured a default judgment on its chattel mortgage from Troy and thereafter commenced this proceeding seeking possession of the supposedly secured property. In response to the petitioner's petition, the Cholakises commenced a special proceding pursuant to CPLR 5239 seeking a determination that they are entitled to the property in issue. While there are other issues presented by the parties in this proceeding, the primary issue presented to Special Term was whether or not Troy had in fact obtained title to the property so that it could grant a secured interest to the petitioner on March 21, 1972. Special Term has held that the petitioner failed to reasonably establish that Troy had obtained title to the property from the Cholakis Restaurant Corporation, and accord-ingly, dismissed the appellant's petition. Upon the proceeding, the petitioner did submit corporate papers which indicated that Troy had in fact acquired title to the subject property prior to the grant of a security interest to the Cholakises by the Cholakis Restaurant Corporation and prior to any filing by the Cholakises in regard to such security interest. As noted by Special

Term and by the respondents upon this appeal, there are contradictions in regard to the assertions by James Kalogridis as to the transactions between Cholakis Restaurant Corporation and Troy. It is true that the petitioner did not submit a bill for sale for the items of property or evidence that any sales tax was paid. However, while such evidence would have great probative value in establishing title, it cannot be said that the petitioner has wholly failed to offer evidentiary proof supporting its claim of title. Special Term also found that the transaction between the Cholakis Restaurant Corporation and Troy would constitute a bulk transfer of goods which pursuant to section 6–104 of the Uniform Commercial Code would be ineffectual against any creditor of the transferor as provided therein. However, even if the Cholakis were creditors of the Cholakis Restaurant Corporation at the time of the transfer to Troy so as to be entitled to protection (cf. Uniform Commercial Code §§ 6–104, 6–109), subdivision (2) of section 6–102 of the Uniform Commercial Code specifically provides that the transaction herein is only a bulk transfer if made in connection with a bulk transfer of inventory. Section 9–109 of the Uniform Commercial Code defines inventory as including goods held by a person for sale or lease in the course of his business and specifically provides that inventory may not be classified as equipment. An examination of the property herein does not indicate that it would be of such a nature as to be for sale in the ordinary course of a restaurant or innkeeping business and it does not appear that the Cholakis Restaurant Corporation was engaged in any activity involving the leasing out of such goods. Accordingly, the present record does not establish that the transaction would fall within the definition of bulk sales, and Special Term erred in summarily dismissing the petition upon that ground. In its decision, Special Term found that as to the bar upon the King's Inn premises installed by the Cholakis Restaurant Corporation, Marine would have a prior claim over all other asserted liens pursuant to its mortgage. Upon the present record, it is not established as to whether or not the bar was a fixture and no finding was made in regard to whether or not there had been a proper filing by Marine of its security interest. Accordingly, Special Term's determination as to the bar is premature and must be reversed. Since the petition of the appellant must be reinstated and a trial held to establish the interests of the parties in and to the subject property, the severance of the proceedings as to the respondents Nicholas Cholakis and Thomas Cholakis and Edward Murray should be vacated. However, Special Term properly exercised its discretion in directing that the respondent Murray should continue to have possession of the personal property pending a trial of the issues. This is not the type of action that readily leads to the granting of summary judgment. Order modified, on the law and the facts, by striking therefrom all of the decretal paragraphs thereof except the last decretal paragraph which continues possession in the respondent Edward M. Murray, and, as so modified, affirmed, without costs and matter remitted to Special Term for a trial of the issues and such further proceedings as may be appropriate. Herlihy, P. J., Greenblott, Sweeney, Main and Larkin, JJ., concur.